UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| MATTHIAS FRANCOIS, ET AL.,<br>     Plaintiffs | CIVIL DOCKET |
| VERSUS | NO. 16-15769 |
| JEFFERSON PARISH, ET AL.,<br>     Defendants | SECTION: "E" |

## ORDER AND REASONS

Before the Court is a Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6)[1] filed by Defendant Jefferson Parish and a Motion to Dismiss for Lack of Subject Matter Jurisdiction[2] filed Defendant the State of Louisiana. For the following reasons, Defendants' motions to dismiss are granted.

## BACKGROUND

On October 21, 2016, *pro se* Plaintiffs, Matthias Francois and Obadiah Francois, filed their complaint against Jefferson Parish and the State of Louisiana.[3] On November 2, 2016, Plaintiffs' motions to proceed in forma pauperis were granted.[4] On November 16, 2016, Defendant Jefferson Parish filed its motion to dismiss pursuant to Rules 12(b)(5) and 12(b)(6) of the Federal Rules of Civil Procedure.[5] Jefferson Parish argues this suit against it should be dismissed on the grounds that Plaintiffs have made insufficient service of process and for failure to state a claim for which relief can be granted.[6] Plaintiffs did not file an opposition to Defendant's motion. On January 12, 2017, the Court issued its Order requiring Plaintiffs to file an amended complaint setting forth specific claims

---

[1] R. Doc. 10.
[2] R. Doc. 13.
[3] R. Doc. 1.
[4] R. Doc. 3.
[5] R. Doc. 5.
[6] *See id.*

1

made against each Defendant and particular facts supporting each claim by Thursday, February 2, 2017.[7] On January 17, 2017, Plaintiffs filed their amended complaint[8] and on January 20, 2017, the Court issued its Order dismissing Jefferson Parish's motion to dismiss without prejudice as moot.[9] Pursuant to the Court's Order, Jefferson Parish was free to re-urge its motion to dismiss in a timely fashion.[10]

On January 31, 2017, Defendant Jefferson Parish filed its Re-Urged Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6).[11] Plaintiffs did not file an opposition to Jefferson Parish's Motion to Dismiss.

On March 14, 2017, Defendant State of Louisiana filed its Motion to Dismiss for Lack of Subject Matter Jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1).[12] Plaintiffs did not file an opposition to the State of Louisiana's motion to dismiss.

## **LEGAL STANDARD**

I. Rule 12(b)(1)

Federal courts are courts of limited jurisdiction; without jurisdiction conferred by statute, they lack the power to adjudicate claims."[13] A motion to dismiss under Federal Rules of Civil Procedure 12(b)(1) challenges a federal court's subject-matter jurisdiction.[14] Under Rule 12(b)(1), "[a] case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case."[15] "Lack of subject-matter jurisdiction may be found in the complaint alone, the complaint

---

[7] R. Doc. 7. The Court also ordered that Plaintiffs properly serve their amended complaint on Defendants by Tuesday, February 28, 2017. *See id.* at 4.
[8] R. Doc. 8.
[9] R. Doc. 9.
[10] *Id.* at 2.
[11] R. Doc. 10.
[12] R. Doc. 13.
[13] *In re FEMA Trailer Formaldehyde Products Liab. Litig. (Mississippi Plaintiffs)*, 668 F.3d 281, 286 (5th Cir. 2012).
[14] *See* Fed. R. Civ. P. 12(b)(1).
[15] *Home Builders Ass'n of Miss., Inc. v. City of Madison, Miss.*, 143 F.3d 1006, 1010 (5th Cir. 1998) (internal quotation marks and citation omitted).

supplemented by the undisputed facts as evidenced in the record, or the complaint supplemented by the undisputed facts plus the court's resolution of the disputed facts."[16] "When, as here, grounds for dismissal may exist under both Rule 12(b)(1) and Rule 12(b)(6), the Court should, if necessary, dismiss only under the former without reaching the question of failure to state a claim."[17]

II. Rule 12(b)(6)

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a district court may dismiss a complaint, or any part of it, for failure to state a claim upon which relief may be granted if the plaintiff has not set forth factual allegations in support of his claim that would entitle him to relief.[18] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[19] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[20] The court, however, does not accept as true legal conclusions or mere conclusory statements, and "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss."[21] "[T]hreadbare recitals of elements of a cause of action, supported by mere conclusory statements" or "naked assertion[s] devoid of further factual enhancement" are not sufficient.[22]

---

[16] *In re FEMA*, 668 F.3d at 287.
[17] *Valdery v. Louisiana Workforce Comm'n*, No. CIV.A. 15-01547, 2015 WL 5307390, at *1 (E.D. La. Sept. 10, 2015).
[18] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007).
[19] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).
[20] *Id.*
[21] *S. Christian Leadership Conference v. Supreme Court of the State of La.*, 252 F.3d 781, 786 (5th Cir. 2001) (citing *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993)).
[22] *Iqbal*, 556 U.S. at 663, 678 (citations omitted).

In summary, "[f]actual allegations must be enough to raise a right to relief above the speculative level."[23] "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not show[n]'—that the pleader is entitled to relief."[24] "Dismissal is appropriate when the complaint 'on its face show[s] a bar to relief.'"[25]

## DISCUSSION

I. <u>Jefferson Parish's Rule 12(b)(6) Motion to Dismiss</u>

Defendant Jefferson Parish filed a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).[26] Defendant Jefferson Parish argues Plaintiffs' claims are based on the alleged actions of the Second Parish Court and, apparently the court-appointed physicians in some undescribed underlying criminal case. Defendant Jefferson Parish argues it is not responsible for the appointment of physicians by the Second Parish Court, Plaintiffs' mental competency, or any criminal prosecution or defense of Plaintiffs. Jefferson Parish argues it has no duty regarding any of these matters and cannot be held liable to Plaintiffs for any alleged breach of any constitutional rights, or any alleged resultant damages, whether punitive or otherwise. The Court agrees. The Second Parish Court for the Parish of Jefferson was created by the Louisiana Legislature.[27] As the Second Parish Court for the Parish of Jefferson is a creature of the State, Jefferson Parish is not a proper defendant in a suit arising out of actions or inactions by the Second Parish Court for the Parish of Jefferson.[28]

---

[23] *Twombly*, 550 U.S. at 555.
[24] *Id.* (quoting Fed. R. Civ. P. 8(a)(2)).
[25] *Cutrer v. McMillan*, 308 F. App'x 819, 820 (5th Cir. 2009) (per curiam) (quotations omitted).
[26] R. Doc. 10.
[27] *See* La. R.S. § 2532.1.
[28] As the Second Parish Court for the Parish of Jefferson is a creature of the State, the State of Louisiana is the proper defendant. However, as discussed below, Plaintiffs' claims against the State in federal court are barred by Rule 12(b)(1) sovereign immunity.

4

The Court notes its cognizance of Plaintiffs' *pro se* status. "It is well-established that 'pro se complaints are held to less stringent standards than formal pleadings drafted by lawyers.'"[29] "Despite [the] general willingness to construe pro se filings liberally, [the courts] still require pro se parties to fundamentally 'abide by the rules that govern the federal courts.'"[30] Among other requirements, Plaintiffs proceeding *pro se* "must properly plead sufficient facts that, when liberally construed, state a plausible claim to relief, serve defendants, [and] obey discovery orders."[31] With this maxim in mind, the Court granted the Plaintiff's leave to file an amended complaint.[32] Even construing the amended complaint liberally, it is clear that Plaintiffs have failed to state a claim against Jefferson Parish for which relief could be granted. Further, the Court finds that it is apparent from the record in this case that allowing further amendment will be futile. Jefferson Parish's Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) is granted.

II. State of Louisiana's Rule 12(b)(1) Motion to Dismiss

Defendant the State of Louisiana filed a Motion to Dismiss for Lack of Subject Matter Jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). Louisiana Revised Statute section 13:5106(A) states, "[n]o suit against the state or a state agency or a political subdivision shall be instituted in any court other than a Louisiana state court."[33] As the State correctly identifies, "Thus, in each unsanctioned instance of federal suit, the State or its agency must affirmatively waive its sovereign immunity."[34] The State

---

[29] *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002) (quoting *Miller v. Stanmore*, 636 F.2d 986, 988 (5th Cir. 1981)).
[30] *E.E.O.C. v. Simbaki, Ltd.*, 767 F.3d 475, 484 (5th Cir. 2014), *as revised* (Sept. 18, 2014) (quoting *Frazier v. Wells Fargo Bank, N.A.*, 541 F. App'x 419, 421 (5th Cir. 2013) (internal quotation marks omitted)).
[31] *Id.* (citations omitted).
[32] R. Doc. 7.
[33] La. R.S. 13:5106(A).
[34] R. Doc. 13-1 at 3 (citing *Port Auth. Trans-Hudson Corp. v. Feeney*, 495 U.S. 299, 305 (1990); *Stem v. Ahearn*, 908 F.2d 1, 4 (5th Cir. 1990)).

of Louisiana has not waived its sovereign immunity from suit in federal court.[35] In its Motion to Dismiss, Defendant, the State of Louisiana, states it does not consent to this suit.[36] Noting the Plaintiffs' *pro se* status, as discussed above, the Court finds allowing further amendment will be futile. The State of Louisiana's Rule 12(b)(1) of the Federal Rules of Civil Procedure is granted.

## **CONCLUSION**

For the foregoing reasons;

**IT IS ORDERED** that the Motion to Dismiss[37] pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure filed by Defendant Jefferson Parish is granted.

**IT IS FURTHER ORDERED** that the Motion to Dismiss[38] pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure filed by Defendant the State of Louisiana is granted.

**New Orleans, Louisiana, this 14th day of April, 2017.**

*(signed)* **SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

**Clerk to serve Plaintiffs via regular mail:**

**Matthias and Obadiah Francois**
**600 Deerfield Rd.**
**Apt 711**
**St. Bernard, LA 70085**

---

[35] *See Raj v. Louisiana State Univ.*, 714 F.3d 322, 329 (5th Cir. 2013).
[36] R. Doc. 13-1 at 3.
[37] R. Doc. 10.
[38] R. Doc. 13.